## (October 11, 1977)

■ In the Matter of HAROLD F. HAMILTON, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or to answer the petition herein containing the charges, although the time to do so has expired. Respondent was personally served in this matter. Petitioner further moved for a default judgment on the ground that respondent failed to appear or to answer the afore-mentioned petition. Although served with the notice of motion for a default judgment, respondent failed to answer. The respondent was admitted to the Bar by the Appellate Division, First Judicial Department, on June 24, 1955. Generally stated, the charges against him are, *inter alia,* as follows: neglect of a legal matter; failure to return a legal fee not earned in two separate matters; failure to return papers belonging to the client; failure to process an appeal after being retained to do so; neglect of a legal matter, as the result of which a judgment was entered against respondent in the amount of approximately $13,000; failure to properly prosecute a divorce action; and failure to co-operate with petitioner. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Latham, Cohalan and Titone, JJ., concur.

■ AMBASSADOR FACTORS CORPORATION, Respondent, v BURTON ROSENBAUM et al., Appellants.—In an action in which a money judgment was entered in favor of plaintiff-respondent upon defendant-appellants' confession of judgment, defendants appeal from so much of an order of the Supreme Court, Nassau County, dated February 2, 1977, as denied the branch of their motion which sought a protective order staying execution of the judgment as against a boat owned by them during the pendency of a separate plenary action to vacate the judgment. Order affirmed insofar as appealed from, without costs or disbursements. Special Term did not abuse its discretion when it denied the branch of defendants' motion which sought to stay execution of the judgment as against the boat. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.